# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| TERRANCE BISHOP, Individually and For Others Similarly Situated<br><br>v.<br><br>MERIDIAN SERVICES GROUP, LLC f/k/a WORK MANAGEMENT, INC. | Case No. 1:24-cv-00843<br><br>Jury Trial Demanded<br><br>Rule 23 Class Action |

## ORIGINAL CLASS ACTION COMPLAINT

### SUMMARY

1. Terrance Bishop (Bishop) brings this class action lawsuit to recover unpaid overtime wages and other damages from Meridian Services Group, LLC f/k/a Work Management, Inc. (Meridian) for violations of the New Mexico Minimum Wage Act (NMMWA).

2. Bishop worked for Meridian as an hourly employee.

3. Bishop and the New Mexico Straight Time Employees (as defined below) regularly worked more than 40 hours a week.

4. But Meridian did not pay Bishop and the New Mexico Straight Time Employees overtime.

5. Instead of paying overtime as required by the NMMWA, Meridian classified Bishop and the New Mexico Straight Time Employees as exempt from overtime and paid them the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek (or "straight time for overtime").

6. Meridian never paid Bishop or the New Mexico Straight Time Employees on a "salary basis."

7. In addition to Bishop and the New Mexico Straight Time Employees' hourly pay, Meridian uniformly paid these employees a per diem for each day they worked.

8. But Meridian never included these per diems in calculating Bishop and the New Mexico Straight Time Employees' regular rates of pay for overtime purposes.

9. Thus, Meridian violated the NMMWA by failing to pay Bishop and the New Mexico Straight Time Employees overtime at rates not less than 1.5 times their regular rates of pay – based on *all* remuneration received – for all hours worked in excess of 40 hours in a workweek.

10. This class action seeks to recover the unpaid overtime wages and other damages owed to Bishop and the New Mexico Straight Time Employees.

## JURISDICTION & VENUE

11. This Court has original subject matter jurisdiction over this matter pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

12. Specifically, upon information and belief:

    a. the matter in controversy is believed to exceed $5,000,000;

    b. at least one member of Bishop's proposed class and Meridian are citizens of different states (indeed, Bishop is a West Virginia citizen and Meridian is a Georgia citizen); and

    c. Bishop's proposed class is believed to exceed 50 members.

13. This Court has personal jurisdiction over Meridian because Meridian is registered to do business in New Mexico and conducts substantial business throughout New Mexico.

14. Venue is proper because a substantial portion of the events or omissions giving rise to this action occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

15. Specifically, Bishop worked for Meridian pursuant to its straight time for overtime pay scheme in Lea County, New Mexico, which is in this District.

**PARTIES**

16. Bishop worked for Meridian as a Construction Manager from approximately June 1, 2022 to June 30, 2022.

17. Throughout his employment, Meridian classified Bishop as exempt from overtime and paid him the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek.

18. Throughout his employment, Meridian also paid Bishop a daily per diem, which Meridian never included in calculating Bishop's regular rate of pay for overtime purposes.

19. Bishop brings this action on behalf of himself and all other similarly situated workers who Meridian paid straight time for overtime in New Mexico.

20. Meridian paid each of these workers the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek in violation of the NMMWA.

21. The Putative Class of similarly situated employees is defined as:

> **All current and former employees of Meridian Services Group, LLC f/k/a Work Management, Inc. who worked in New Mexico and were paid the same hourly rate for all hours worked (or "straight time for overtime") ("New Mexico Straight Time Employees").**

22. Meridian is a Georgia limited liability company that maintains its headquarters in Greensboro, Georgia.

23. In 2021, Work Management, Inc. and High Bridge Associates, Inc. merged to create Meridian.

24. Meridian can be served with process by serving its registered agent: **Business Filings Incorporated, 206 S Coronado Ave, Espanola, New Mexico, 87532.**

## FACTS

25. Meridian is a recruitment and staffing company that "serves over 100 clients in 30 states[,] … includ[ing] power generation companies, gas and electric transmission & distribution companies, petrochemical companies, EPC contractors, and equipment manufacturers."[1]

26. Meridian "was formed in 2021 as a strategic merger of the commercial business of High Bridge Associates, Inc. and Work Management, Inc."[2]

27. To meet its business objectives, Meridian hires employees, including Bishop and the New Mexico Straight Time Employees, who it assigns to provide services to its clients across the country.

28. Meridian uniformly classifies these employees as exempt and pays them the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek in violation of the NMMWA.

29. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practice for similar work.

30. For example, Bishop worked for Meridian in New Mexico as a Construction Manager from approximately June 1, 2022 to June 30, 2022.

31. Throughout his employment, Meridian paid Bishop the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

32. Specifically, Meridian paid Bishop approximately $80 for every hour he worked, including those in excess of 40 in a week, as well as a daily per diem.

---

[1] https://meridian-sg.com/ (last visited August 20, 2024).
[2] *Id.*

4

33. While Meridian purports to pay Bishop and the New Mexico Straight Time Employees a "salary," this purported "salary" bears no "reasonable relationship … between the guaranteed amount and the amount actually earned[.]" cite

34. This is because Bishop and the New Mexico Straight Time Employees regularly work far in excess of the 32 hours any purported "salary" compensates each workweek.

35. In fact, Bishop and the New Mexico Straight Time Employees typically worked 10 or more hours per day, for 5-6 days each week.

36. Thus, Bishop and the New Mexico Straight Time Employees' purported "salaries" (based usually on 32 hours prior to 2023) bear no reasonable relationship to the amount they actually earned (based on their 50+ hours actually worked).

37. All the New Mexico Straight Time Employees perform similar job duties, work similar hours, and are denied overtime at the required premium rates as a result of the same illegal pay practice.

38. Meridian uniformly paid Bishop and the New Mexico Straight Time Employees under its straight time for overtime pay scheme.

39. Meridian uniformly failed to include Bishop's and the New Mexico Straight Time Employees' per diem payments in calculating these employees' regular rates of pay for overtime purposes.

40. Bishop and the New Mexico Straight Time Employees regularly worked over 40 hours in a week.

41. Bishop and the New Mexico Straight Time Employees worked in accordance with the schedule set by Meridian and/or its clients.

42. The hours Bishop and the New Mexico Straight Time Employees worked are reflected in Meridian's records.

43. Instead of paying overtime as required by the NMMWA, Meridian paid Bishop and the New Mexico Straight Time Employees the same hourly rate for all hours they worked, including those in excess of 40 hours in a workweek.

44. Meridian's "straight time for overtime" pay scheme violates the NMMWA because it deprives Bishop and the New Mexico Straight Time Employees of overtime at the proper premium rates for the hours they work in excess of 40 hours in a workweek.

45. Further, Meridian uniformly pays Bishop and the New Mexico Straight Time Employees per diems.

46. For example, throughout his employment, Meridian paid Bishop a per diem.

47. But Meridian does not include these per diem payments in its calculations of Bishop and the New Mexico Straight Time Employees' regular rates of pay for overtime purposes.

48. Thus, by failing to include Bishop and the New Mexico Straight Time Employees' per diem payments in calculating these employees' regular rates of pay for overtime purposes, Meridian's uniform payment scheme violates the NMMWA because it deprives Bishop and the New Mexico Straight Time Employees of overtime pay at rates not less than 1.5 times their regular rates of pay – based on all remuneration received – for the hours they work in excess of 40 hours in a single workweek

49. Meridian is aware, or should have been aware, that it was subject to the NMMWA, including its overtime requirements.

50. Meridian is aware, or should have been aware, that the NMMWA required it to pay Bishop and the New Mexico Straight Time Employees overtime at rates not less than 1.5 times these employees' regular rates of pay – based on all remuneration received – for all hours worked in excess of 40 hours in a workweek.

51. Meridian is aware, or should have been aware, that Bishop and the New Mexico Straight Time Employees were non-exempt from the NMMWA's overtime provisions and, therefore, entitled to overtime pay.

52. Meridian is aware, or should have been aware, that Bishop and the New Mexico Straight Time Employees regularly worked more than 40 hours in a workweek because it expected and required these workers to do so.

53. Meridian knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the NMMWA.

54. Nonetheless, Meridian did not pay Bishop and the New Mexico Straight Time Employees overtime at rates not less than 1.5 times these employees' regular rates of pay – based on all remuneration received – for all hours worked in excess of 40 hours in a workweek in violation of the NMMWA.

### CLASS ACTION ALLEGATIONS

55. Bishop realleges and incorporates all other paragraphs by reference.

56. Bishop brings his NMMWA claim on behalf of himself and the other New Mexico Hourly Workers pursuant to Fed. R. Civ. P. 23.

57. Meridian's conduct violates the NMMWA. *See* N.M.S.A. §§ 50-4-20, *et seq*.

58. Bishop and the New Mexico Class Members are entitled to overtime pay under the NMMWA.

59. Numerous individuals were victimized by Meridian's pattern, practice, and policy of paying its workers, including Bishop and the New Mexico Straight Time Employees, straight time for overtime, which is in violation of the NMMWA.

60. Based on his experience and tenure with Meridian, Bishop is aware that that the illegal practices Meridian imposed on him were likewise imposed on the New Mexico Straight Time Employees.

61. The New Mexico Straight Time Employees are similarly situated in all relevant respects.

62. Meridian's failure to pay Bishop and the New Mexico Straight Time Employees overtime wages at the rates required by the NMMWA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the New Mexico Straight Time Employees.

63. The specific job titles or precise job locations of the New Mexico Straight Time Employees do not prevent class treatment.

64. Bishop has no interest contrary to, or in conflict with, the New Mexico Straight Time Employees.

65. Like each New Mexico Straight Time Employee, Bishop has an interest in obtaining the unpaid overtime wages owed to them under the NMMWA.

66. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

67. Absent this class action, the New Mexico Straight Time Employees likely will not obtain redress of their injuries, and Meridian will reap the unjust benefits of violating the NMMWA.

68. Even if some of the New Mexico Straight Time Employees could afford individual litigation against Meridian, it would be unduly burdensome to the judicial system.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

70. The questions of law and fact that are common to Bishop and the New Mexico Straight Time Employee predominate over any questions affecting solely the individual members.

71. Among the common questions of law and fact are:

   a. Whether Meridian's illegal straight time for overtime pay practice was applied uniformly to all New Mexico Straight Time Employees;

   b. Whether Bishop and the New Mexico Straight Time Employees were exempt from overtime;

   c. Whether Meridian's straight time for overtime pay scheme satisfies the salary basis test;

   d. Whether Bishop and the New Mexico Straight Time Employees' per diem payment must be included in Meridian's calculation of these employees' regular rates of pay for overtime purposes; and

   e. Whether Meridian's improper practices at issue were (and are) part of a continuing course of conduct.

72. Bishop's claims are typical of the claims of the New Mexico Straight Time Employees.

73. Bishop and the New Mexico Straight Time Employees sustained damages arising out of Meridian's illegal and uniform employment policies and practices.

74. Even if the issue of damages were somewhat individual in character, there is no detraction from the common nucleus of liability facts.

75. Therefore, the issue of damages does not preclude class treatment.

76. Meridian is liable under the NMMWA for failing to pay overtime to Bishop and the New Mexico Straight Time Employees.

77. Consistent with Meridian's illegal pay policy, Bishop and the New Mexico Straight Time Employees were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

78. As part of its regular business practices, Meridian intentionally, willfully, and repeatedly engaged in a continuing course of conduct violating the NMMWA with respect to Bishop and the New Mexico Straight Time Employees.

79. Meridian's illegal pay and classification policies deprived Bishop and the New Mexico Straight Time Employees of the premium overtime wages they are owed under New Mexico law.

80. There are many similarly situated New Mexico Straight Time Employees who have been denied overtime pay in violation of the NMMWA who would benefit from this lawsuit.

81. Those similarly situated workers are known to Meridian, are readily identifiable, and can be located through Meridian's business and personnel records.

## CAUSE OF ACTION
## VIOLATIONS OF THE NMMWA
## (CLASS ACTION)

82. Bishop incorporates all other paragraphs by reference.

83. Bishop brings his NMMWA claim on behalf of himself and the other New Mexico Hourly Workers pursuant to Fed. R. Civ. P. 23.

84. Meridian's conduct violates the NMMWA. *See* N.M.S.A. §§ 50-4-20, *et seq.*

85. At all relevant times, Meridian was subject to the NMMWA because Meridian was (and is) an "employer" within the meaning of the NMMWA. N.M.S.A. § 50-4-21(B).

86. The NMMWA requires employers, like Meridian to pay non-exempt employees, including Bishop and the New Mexico Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in any 7-day week. N.M.S.A. § 50-4-22(D).

87. Bishop and the New Mexico Class Members are entitled to overtime pay under the NMMWA.

88. Meridian violated, and is violating, the NMMWA by employing non-exempt employees (Bishop and the New Mexico Class Members) for workweeks longer than 40 hours without paying overtime wages – based on all remuneration received – for all hours worked over 40 each workweek. *See* N.M.S.A. § 50-4-22(D).

89. Meridian's improper practices at issue were (and are) part of a continuing course of conduct, entitling Bishop and the New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

90. Meridian's unlawful conduct harmed Bishop and the New Mexico Class Members by depriving them of the premium overtime wages they are owed.

91. Accordingly, Bishop and the New Mexico Class Members are entitled to recover their unpaid overtime wages in amount equal to 1.5 times their regular rates of pay – based on all remuneration received – for their hours worked over 40 in a week; "an additional amount equal to twice the unpaid … wages" as treble damages, N.M.S.A. § 50-4-26(C); and attorneys' fees and costs incurred in this action, N.M.S.A. § 50-4-26(E).

**JURY DEMAND**

92. Bishop demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Bishop individually, and on behalf of the New Mexico Straight Time Employees, prays for the following relief:

    a. An Order certifying this lawsuit as a class action on behalf of the putative class of New Mexico Straight Time Employees;

b. An Order appointing Bishop and his counsel to represent the interests of the New Mexico Straight Time Employees;

c. An Order finding Meridian liable to Bishop and the New Mexico Straight Time Employees for all unpaid overtime wages owed under the NMMWA, plus treble damages in an amount equal to two times their unpaid wages;

d. An Order awarding attorneys' fees, costs, and expenses;

e. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f. All such other and further relief to which Bishop and the New Mexico Straight Time Employees may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
TX Bar No. 24014780
Andrew W. Dunlap
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR BISHOP & NEW MEXICO STRAIGHT TIME EMPLOYEES**